UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL PHILIP KAUFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | No. 16-CV-2880-LTS-SN<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY PRE-TRIAL STATEMENT

In accordance with the Court's May 11, 2016 Initial Conference Order (Dkt.16), counsel for Plaintiff Michael Philip Kaufman ("Kaufman") and Defendant Microsoft Corp. ("Microsoft") conferred via email and by telephone on July 5, 2016, and thereafter in follow-up calls and e-mail exchanges, with respect to the various scheduling and related matters set forth in the Initial Conference Order. The parties are also currently conferring by telephone and e-mail and exchanging drafts in an attempt to minimize disputed areas and submit a stipulated Joint Submission Regarding E-Discovery and Format of Document Productions and [Proposed] Order ("ESI Order") as well as a Stipulated Protective Order for the Court's consideration.

**A. Nature of the Action**

On April 18, 2016, Kaufman filed a Complaint against Microsoft for infringement of U.S. Patent No. 7,885,981 (the "'981 Patent"). Kaufman alleges that he is the owner of the '981 Patent and has the exclusive right to sue for infringement thereof.

Kaufman alleges that certain Microsoft products and services, including without limitation Microsoft "ASP.NET Dynamic Data" and "ASP.NET MVC" infringe the '981 Patent. Kaufman further alleges that Microsoft's infringement of the '981 Patent has been and is willful.

Microsoft filed an Answer on June 27, 2016, denying Kaufman's infringement allegations and raising certain defenses including, *inter alia*, noninfringement and invalidity.

**B.** **Pending Related Criminal or Civil Actions**

There are no pending related criminal or civil actions.

**C.** **Basis of this Court's Jurisdiction of the Action**

This is a patent infringement action brought pursuant to 35 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Microsoft does not dispute that this Court has personal jurisdiction over it for purposes of this case. Further, Microsoft does not contest venue in this District in this case.

**D.** **Material Uncontested or Admitted Facts**

At this stage of the case, the following facts are uncontested and/or admitted:

1. Kaufman is an individual who resides in this District. (Compl. ¶ 2, Dkt. 1.)

2. Microsoft is a Washington corporation with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. (Answer ¶ 3.)

3. The Court may exercise personal jurisdiction over Microsoft for the purposes of this action only. (Answer ¶¶ 5-7, Dkt. 27.) Microsoft operates facilities and transacts business in New York, from which it derives revenue. (Answer ¶ 5.) Microsoft filed a declaratory judgment action against Datatern, Inc. in this District. (Answer ¶ 6.)

4. For the purposes of this action only, venue is uncontested in this District. (Answer ¶ 8.) Further, for the purposes of this action only, it is uncontested that Microsoft does business in this District. (*Id.*)

5. Microsoft develops, manufactures, licenses, supports and sells computer software, consumer electronics, personal computers, and services. (Answer ¶ 10.)

6. Before and after the issuance of the '981 Patent, Microsoft has released development tools for what is now referred to as the .NET Framework. (Answer ¶ 11.)

7. The products accused of infringement in this case have been used for various purposes by Microsoft and its end users, including in this District, to develop software applications that use data. (Answer ¶ 12.)

8. Certain patents and patent applications related to '981 Patent have been cited in Microsoft patent applications. (Answer ¶ 14.)

9. Before the filing of the '981 Patent, Microsoft had been extensively involved in the development of development tools for creating software applications that use data. (Answer ¶ 13.)

10. Microsoft has made available software in disc or downloadable format from which products or features, including ASP.NET Dynamic Data, may be installed by an end-user on a computer. (Answer ¶ 60.)

11. Microsoft continues to develop and distribute software, including some of the products accused of infringement in this case. (Answer ¶ 66.)

**E.** **Uncontested Legal Issues**

At present, there are no uncontested legal issues.

**F.** **Legal Issues to be Decided by the Court**

1. The correct construction and scope of the disputed claim terms of the '981 Patent.

2. Microsoft's position is that the alleged infringement of the '981 Patent by Microsoft as to the accused products, pursuant to Kaufman's direct infringement, contributory

infringement, inducement of infringement, and/or willful infringement theories. Kaufman's position is that these are primarily questions of fact.

3. The appropriate priority date of the asserted claims of the '981 Patent pursuant to 35 U.S.C. §§ 119 and 120.

4. The alleged invalidity of the '981 Patent pursuant to 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

5. The alleged failure to mark by Kaufman, its predecessors in interest, and/or their respective licensees. *See* 35 U.S.C. § 287.

6. The alleged unenforceability of the '981 Patent, under the applicable equitable doctrines.

7. Kaufman's claim for injunctive relief and the bases and methodology for his claim for damages.

8. Kaufman's claim for attorney's fees and costs under 35 U.S.C. § 285.

9. Microsoft's claim for attorney's fees and costs under 35 U.S.C. § 285.

### G. Material Disputed Facts

1. The issue of infringement is a question of fact to be determined after the claims have been construed by the Court as a matter of law. At this time, it is not known whether there are or will be material disputed facts about the structure and operation of the products accused of infringement, though Microsoft does dispute infringement.

2. Questions of fact are likely to arise in connection with Kaufman's allegations of indirect infringement under 35 U.S.C. § 271(b)-(c), which raise may raise questions of knowledge and intent.

3. Microsoft has challenged the validity of the '981 Patent. Invalidity turns in part on a number of factual determinations, and the parties anticipate there will be disputed facts on this issue.

4. Questions of fact are likely to exist as to Microsoft's unenforceability defenses and defense of limitation of damages under 35 U.S.C. §§ 286, 287, and/or 288.

5. If the '981 Patent is held valid and infringed, questions of fact are likely to exist as to the amount of damages that would be due.

6. If the '981 Patent is held valid and infringed, Kaufman contends that questions of fact are likely to exist as to Kaufman's allegation of willfulness and Microsoft's defenses regarding no willfulness. Microsoft contends that willfulness should be determined by Your Honor, and not by a jury.

7. If the '981 Patent is held valid and infringed, questions of fact are likely to exist as to injunctive relief.

## H.  Legal Basis of Each Cause of Action Asserted

*Kaufman*

Kaufman's claims are for direct, induced, and contributory patent infringement. The statutory basis for these claims is 35 U.S.C. § 271(a)-(c).

Infringement of a patent claim exists when the accused system or method meets each element of the claim, either "literally" or under the "doctrine of equivalents." *See, e.g.*, *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310-11 (Fed. Cir. 2005).

Induced infringement of a patent claim exists when an accused infringer has actively induced another to directly infringe the patent, which requires the alleged infringer to have been aware of the patent, have intentionally taken action that actually induced direct infringement, and

have known that the acts it was causing would infringe the patent. *See, e.g.*, *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S.Ct. 1920, 1928-31 (2015); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2070-71 (2011).

Contributory infringement of a patent claim exists when another party directly infringes the patent, and the alleged inducer supplied an important component of the infringing part of the product or method, which is not a common component suitable for non-infringing use, and the alleged infringer supplied the component with the knowledge of the patent and knowledge that the component was especially made or adapted for use in an infringing manner. *See, e.g.*, *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1356-58 (Fed. Cir. 2007); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001).

Willful infringement of a patent exists in "egregious cases of misconduct beyond typical infringement" which has been variously characterized as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 14–1513, 579 U.S. ----, 2016 WL 3221515 (June 13, 2016).

## I. Legal Basis of Each Defense Asserted

The legal bases for Microsoft's defenses are as follows:

The legal basis for Microsoft's defense of noninfringement is Kaufman's inability to prove infringement under 35 U.S.C. § 271.

The legal basis for Microsoft's defense of invalidity is 35 U.S.C. §§ 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

Microsoft's unenforceability defenses are judicially-created defenses. *See, e.g., Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733-34 (2002) (prosecution history estoppel defense); *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1020 (Fed. Cir.

2008) (waiver defense); *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814-815 (1945) (unclean hands defense); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (same); *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010) (equitable estoppel defense); *Aukerman*, 960 F.2d at 1041 (same).

The legal basis for Microsoft's defense to willful infringement is *Halo Elecs., Inc. v. Pulse Elecs.*, No. 14-1513, 579 U.S. ----, 2016 WL 3221515 (June 13, 2016).

Microsoft's limitation of damages defenses are based in 35 U.S.C. §§ 286-288 and are also judicially created defenses. *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011).

**J.    Measure of Proof and Burden of Proof as to Each Cause of Action or Defense**

1. Kaufman has the burden of proof to establish infringement by a preponderance of the evidence.

2. Kaufman has the burden of proof on damages by a preponderance of the evidence.

3. Kaufman has the burden of proof on alleged willfulness by a preponderance of the evidence.

4. Microsoft has the burden of proof to establish invalidity and unenforceability due to inequitable conduct by clear and convincing evidence.

5. Microsoft bears the burden of proof to establish its other defenses by a preponderance of the evidence.

**K.    Amendments to Pleadings and/or the Addition or Substitution of Parties**

The cutoff date for amendments to the pleadings and addition or substitution of parties shall be 60 days after the stay is lifted.

**L.    Transfer to a Magistrate Judge**

The parties do not consent to transfer this case to a magistrate judge.

**M.     Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)**

Subject to the approval of the Court, the parties have agreed to make their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) on or before August 1, 2016. The parties do not propose any changes to the timing, form, or requirements for disclosures under Fed. R. Civ. P. 26(a)

**N.     Discovery Cutoff, Discovery Plan, Subjects of Disclosure**

The cutoff date for fact discovery shall be five months from the date of the claim construction ruling.  The parties propose that other than initial disclosures, claim construction discovery, and production pursuant to LPR 6 and 7, discovery in the case is stayed pending issuance of the claim construction order.

*Contentions and Disclosures*

The parties agree that the Court's Scheduling Order should adopt by reference the following provisions of the Patent Local Rules of the U.S. District Court for the Northern District of California (November 1, 2014): 3-1 (as to the content of the LPR 6 disclosure), 3-2, 3-3 (as to the content of the LPR 7 disclosure), 3-4, 3-6, and 3-7 (as to content of the LPR 10 disclosure).

The parties propose the following dates for disclosures pursuant to LPR 6, 7, and 10, noting that for any due date which falls on a date the Court is not open for business, the due date shall be the next date the Court is open for business:

- LPR 6 (Disclosure of Asserted Claims and Infringement Contentions, limited to five (5) claims): August 23, 2016.
- LPR 7 (Invalidity Contentions, limited to 20 charted invalidity references): September 20, 2016.

- LPR 10 (Opinion of Counsel): Not later than 30 days after the claim construction order.

*Claim Construction*

As to claim construction, the parties propose the following dates, noting that for any due date which falls on a date the Court is not open for business, the due date shall be the next date the Court is open for business:

- LPR 11 (Joint Claim Terms Chart): October 11, 2016.
- LPR 12 (Claim Construction Briefing):
    - Plaintiff's opening brief, and supporting evidence and testimony: November 8, 2016.
    - Defendant's responsive brief, and supporting evidence and testimony: December 6, 2016.
    - Plaintiff's reply brief: December 20, 2016.
    - Defendant's sur-reply brief: December 29, 2016.
    - Completion of any expert depositions on claim construction: January 31, 2017.

*Dispositive Motions*

As to dispositive motions, the parties propose the following dates, noting that for any due date which falls on a date the Court is not open for business, the due date shall be the next date the Court is open for business:

- Motions for summary judgment must be filed no later than 21 days after the close of expert discovery.
- Opposition briefs shall be due 21 days after the motion is filed.

- Reply briefs shall be due 14 days after the opposition brief is filed.

The parties identify below categories of discovery, without prejudice to further subjects that may become necessary during discovery proceeds, and without concession by either party that the other side's categories included herein are necessarily relevant.

*Kaufman's Anticipated Subjects of Disclosure*

1. Structure, operation, and development of the accused products, services, and systems.

2. Microsoft's knowledge of the '981 Patent.

3. Marketing, advertising, promotional, and sales materials for the accused products, services, and systems.

4. Sales and revenues for the accused products, services, and systems.

5. Information regarding licenses related to accused products, services, and systems, or similar products, services, and systems,

6. The amount of damages due for infringement of the '981 Patent.

7. The bases for each of Microsoft's defenses.

*Microsoft's Anticipated Subjects of Disclosure*

1. Noninfringement of the '981 Patent, including how the alleged infringing products operate.

2. The amount of damages that would be appropriate for any potential infringement of the '981 Patent.

3. The invalidity of the '981 Patent, including factual information concerning the date and functionality of the prior art.

4. Discovery relating to Microsoft's unenforceability defenses and defenses on limitation of damages.

5. Plaintiff's knowledge of Microsoft's products and other prior art technology prior to and during the prosecution of the '981 Patent.

6. Plaintiff's alleged conception, reduction to practice, diligence, prosecution, attempts at commercialization, attempts to license the '981 Patent and its family.

7. The bases for any other claims or allegations raised by Kaufman.

**O.** **Expert Discovery**

The parties may require expert testimony and evidence, and discovery related thereto, regarding at least the following issues:

1. Claim construction (in connection with Section N above).

2. The infringement or noninfringement of the '981 Patent.

3. The validity or invalidity of the '981 Patent.

4. The amount of damages, if any, due for any potential infringement of the '981 Patent.

*Expert Discovery Deadlines*

The parties propose the following deadlines for expert discovery, noting that for any due date which falls on a date the Court is not open for business, the due date shall be the next date the Court is open for business:

- Initial expert reports: 28 days after the close of fact discovery.

- Rebuttal expert reports: 28 days after opening expert reports.

- Response to priority and secondary indicia of non-obviousness raised in rebuttal expert reports: 14 days after rebuttal expert reports.

- Close of expert discovery 90 days after close of fact discovery.

**P.    Deadlines for Class Action-Related Discovery and Motion Practice**

Not applicable

**Q.    Joint Electronic Discovery Submission**

Substantial electronic discovery is anticipated, and the parties are currently meeting and conferring regarding the ESI Order.

**R.    Limitations on Discovery**

The parties propose the following changes to be made to the limitations imposed by the Federal Rules of Civil Procedure:

### i. Interrogatories

Each side may serve up to 20 interrogatories total on the other side.

### ii. Request for Admissions

Each side may serve up to 20 requests for admissions total on the other side, except that any party may issue an unlimited number of requests for admissions seeking authentication and date of documents.

### iii. Depositions for Parties and Third-Parties

Each side shall be entitled to take up to 70 hours total of fact deposition testimony, exclusive of designated expert witnesses.

Absent prior written agreement of the parties, no deposition of a fact witness under Fed. R. Civ. P. 30(b)(1) shall exceed seven (7) hours total. Also absent prior written agreement of the parties, the cumulative total hours of fact witnesses testifying as to topics under Fed. R. Civ. P. 30(b)(6) shall not exceed 14 hours total. Pursuant to Fed. R. Civ. P. 30(e)(2), and absent written agreement of the parties, each deponent shall have 30 days from the receipt of the final transcript to review his or her transcript and provide any errata.

Each 30(b)(1) and 30(b)(6) deposition shall count as at least five (5) hours of deposition time, even if less time is used. If additional hours for deposition discovery become necessary, the parties shall meet and confer to try to reach agreement on the number of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

### iv. Expert Discovery

Each side is limited to four (4) expert witnesses. Each side may take up to seven (7) hours of expert deposition testimony per expert report or declaration.

### v. Discoverability of Certain Expert Materials

The parties agree that testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases, be subject to discovery in this case.

The parties further agree that discovery of materials provided to a testifying expert and the expert's communications in connection with his or her role as a testifying expert in this litigation shall be limited to subject matter that is relevant to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. Notwithstanding the foregoing, an expert who is also a fact witness may be subject to discovery concerning his or her relevant factual knowledge.

### vi. Privilege Log

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their

respective privilege document logs at a time to be agreed upon by the parties following the production of documents or as ordered by the Court.

### vii. Other Stipulations by the Parties Regarding Discovery

(a) If a party serves a subpoena on a third party for production of documents, it will provide the other parties with copies of any documents produced by the subpoenaed third party not later than three (3) business days after receipt of such documents. The documents will be provided in the form in which they were received.

(b) Service by Email: The parties agree to accept service of letters, discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules, documents that are too voluminous for email, and productions governed by the ESI Order) in PDF or similar format (e.g., TIFF) via an email to all outside counsel of record. Documents that are too voluminous for e-mail shall be provided on CDs, DVDs, external hard drives, or via secure FTP (or similar) transfer, as appropriate. Each party shall serve, when possible, all other parties via the receiving party's e-mail listserv address, if any, which includes the receiving party's outside counsel of record. The parties agree that, upon request, they will provide electronic, editable copies of all written discovery requests and all proposed findings of fact to which responses are required or expected. The parties further agree that service of a complete copy of written discovery requests and responses and objections thereto via email or FTP (or similar) transfer on or before 6:00 p.m. Pacific Standard Time shall count as same day service, or otherwise such documents shall be considered as served the next day.

**S.** **Status of Settlement Discussions and Prospects for Settlement**

The parties have engaged in settlement discussions and will continue to do so if and when it appears useful. The parties believe that mediation is not needed at this time but could be

beneficial at a time later in the case and/or depending on the results of the parties' direct efforts to reach a settlement.

**T.** **Trial**

Both parties have requested trial by jury of all issues so triable. Kaufman estimates three to four (3-4) trial days will be needed to present its case. Microsoft estimates three to four (3-4) trial days will be needed to present its case.

Microsoft proposes that if willfulness is alleged at the time of trial, that the trial be bifurcated and a bench trial (if any) held to separately address willfulness allegations. Kaufman opposes this and submits that, although enhanced damages is committed to the Court's discretion, in the case of a jury trial (as has been requested here), any finding as to whether infringement has been willful should be left to the jury.

**U.** **Other Orders**

The parties will request the Court to enter a Stipulated Protective Order to govern access to and use of confidential information, documents, and other things produced during discovery in this action, as well as a Scheduling Order. The parties will also request the Court to enter an ESI Order to govern discovery of Electronically-Stored Information in this action. The parties do not believe that any additional orders from the Court are necessary at this time.

Dated: July 19, 2016.

/s/ Ronald Abramson
Ronald Abramson
Tel: (212) 822-0163
Email: ronald.abramson@lewisbaach.com
David G. Liston
Ari J. Jaffess
Alex G. Patchen
**LEWIS BAACH pllc KAUFMANN MIDDLEMISS**
The Chrysler Building
405 Lexington Avenue, 62nd Floor
New York, New York 10174

*Attorneys for Plaintiff*

**FISH & RICHARDSON P.C.**

By: /s/ Leah A. Edelman

Leah A. Edelman (LE7384)
edelman@fr.com
Ahmed J. Davis (*Pro Hac Vice*)
adavis@fr.com
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: (202) 783-5070

Karolina Jesien (KJ7292)
jesien@fr.com
601 Lexington Avenue, 52nd Floor
New York, New York 10022
Telephone: 212-765-5070

Jason W. Wolff (*Pro Hac Vice*)
wolff@fr.com
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

*Attorneys for Defendant Microsoft Corporation*