Swain, J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 16/21/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL PHILIP KAUFMAN,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendant.

Case No. 16-CV-02880-LTS

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause, IT IS HEREBY ORDERED THAT:

1.     <u>Scope of Protection</u>

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

1

2. <u>Definitions</u>

(a) The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b) The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

(c) The term "CONFIDENTIAL INFORMATION – SOURCE CODE" shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL INFORMATION – SOURCE CODE may be used for the following information or items: extremely sensitive PROTECTED INFORMATION representing computer code and associated comments and revision histories, formulas,

engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(d) The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY" or "CONFIDENTIAL INFORMATION – SOURCE CODE" information.

(e) The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, CONFIDENTIAL INFORMATION – SOURCE CODE, and CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3. <u>Disclosure Agreements</u>

(a) Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A. Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is

disclosed shall be provided to the other party promptly after execution by facsimile or electronic mail. No disclosures shall be made to a TECHNICAL ADVISOR for a period of five (5) business days after the disclosure agreement is provided to the other party.

      (b)      Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to the producing party and received no less than five (5) business days before the intended date of disclosure to that outside TECHNICAL ADVISOR: the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR. All patents or patent applications in which the TECHNICAL ADVISOR is a named inventor, applicant, owner, or holder of any form of financial or legal interest shall be specifically identified along with the nature of such interest. If the producing party objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing party shall within five (5) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking to prevent disclosure of the PROTECTED INFORMATION to the TECHNICAL ADVISOR shall move within five (5) business days for an Order of the Court preventing the disclosure. The burden of proving that

the objection is proper shall be upon the opposing party. If no such motion is made within five (5) business days, disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made except by Order of the Court.

(c) Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this Protective Order, requests a copy.

(d) No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence that arise independently of the TECHNICAL ADVISOR'S role as a TECHNICAL ADVISOR in this action; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4. Designation of Information

(a) Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b) Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c) Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – SOURCE CODE by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – SOURCE CODE

(d) During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and/or CONFIDENTIAL INFORMATION – SOURCE CODE during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(e) A party may designate information disclosed at a deposition as

CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE by requesting the reporter to so designate the transcript at the time of the deposition.

(f) A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE when such papers are served or sent.

(g) A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and Court personnel, and to designate the transcript appropriately.

(h) The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE that is not entitled to such designation or which is generally available to the public.

5. <u>Disclosure and Use of Confidential Information</u>

Information that has been designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE shall be disclosed by the receiving party only to Qualified

Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or any post-grant proceeding, including *inter partes* review, patent reissue, or reexamination request, and shall not disclose it to any person, except as hereinafter provided. A Qualified Recipient who has access to information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE shall not participate in, supervise, or be involved in the proposal of, drafting of, or amendment to claims in any patent application or post-grant proceeding related to the subject of this litigation for up to two years after its conclusion. All information that has been designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Protective Order.

Documents containing information designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE that are filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling

requirements set forth in this Protective Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

In order to avoid a designation under this Protective Order from preventing a party to review a filing or disclosure due to its own information triggering the designation, the following additional procedures will be followed. When a filing or disclosure contains information designated under this Protective Order, the party making the disclosure shall promptly identify with specificity the information and which party's designated information has triggered the designation under this Protective Order. In addition, within three (3) business days of any filings or other disclosures exchanged between the parties that contain information designated under the Protective Order, such filings or disclosures shall be produced in redacted form for consumption by the other party in a manner that clearly differentiates designated information that the other party may not have access to.

6. Qualified Recipients

For purposes of this Protective Order, "Qualified Recipient" means

(a) For CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and CONFIDENTIAL INFORMATION – SOURCE CODE:

(1) Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4) Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above, and who is a citizen or permanent resident of the United States of America;

(5) Professional jury or trial consultants, and other professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the disclosure agreement attached as Exhibit A;

(6) Mock jurors hired by trial consultants in connection with this litigation, who may only be told about or shown materials containing PROTECTED INFORMATION provided: (i) they are not affiliated with any party to this case or their direct competitor; (ii) they agree in writing to be bound by confidentiality; and (iii) they are not themselves given custody of any PROTECTED INFORMATION, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted. For the sake of clarity, mock jurors should not be shown material designated "CONFIDENTIAL INFORMATION – SOURCE CODE";

(7) Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE being disclosed that

the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure provides advance written notice to the party that produced the document, and (ii) the party that produced the document confirms in writing. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE to the officers, directors, and managerial level employees of the producing party, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE in the ordinary course of such employee's employment; and

(8) Up to two (2) in-house counsel for Microsoft Corporation, including Stacy Quan and HER MANAGER, who have signed a disclosure agreement in the form attached hereto as Exhibit A, and the secretaries and paralegals assisting those in-house counsel.

(b) For CONFIDENTIAL INFORMATION:

(1) Those persons listed in paragraph 6(a);

(2) Up to two designated representatives of each party, after he or she has signed a disclosure agreement in the form attached hereto as Exhibit A; and

(3) The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes.

7. Use of Protected Information

(a) In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE, the papers shall be appropriately designated pursuant to paragraphs 4(a), (b), and (c), and shall be treated accordingly.

(b) All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE, shall be handled as if they were designated pursuant to paragraphs 4(a), (b), or (c).

(c) ~~Documents, papers and transcripts filed with the court which contain any~~ Any party that seeks to file other party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE shall make an application to the court requesting such permission to file under seal. ~~be filed in sealed envelopes and labeled according to the Local Rules.~~

(d) To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY until such time as

12