the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e) In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Protective Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE at the request of such party, all persons who are not allowed to obtain such information pursuant to this Protective Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f) Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE, provided, however, that in rendering such advice and in otherwise communicating with his or her clients not otherwise entitled hereunder to receive such information, such counsel shall not disclose the

specific contents of any materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE.

8. <u>Source Code Protections</u>

(a) The parties recognize that source code will be produced as part of discovery in this case, and that heightened protections are required for source code. PROTECTED INFORMATION designated as "CONFIDENTIAL INFORMATION – SOURCE CODE" shall be subject to all of the protections afforded to "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" information, and may be disclosed only to Qualified Recipients. In addition, CONFIDENTIAL INFORMATION – SOURCE CODE information is subject to the additional protections as specified herein.

(b) Any source code produced in discovery and designated as CONFIDENTIAL INFORMATION – SOURCE CODE shall be made available for inspection, in a format allowing it to be reasonably reviewed, searched (but not necessarily compiled or "built"), during normal business hours or at other mutually agreeable times, at the office of the producing party's outside counsel of record, or another mutually agreed upon location. The source code shall be made available for inspection in its native format on one secured computer in a secured room without Internet access or network access to other computers, and with all input/output ports (such as USB, eSata, Firewire, etc.) disabled or blocked and account access restricted as appropriate to prevent and protect against unauthorized copying, transmission, removal or other transfer of any "CONFIDENTIAL INFORMATION – SOURCE CODE" information outside or away from the secured computer, and the receiving party shall not copy,

14

remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information.

(c) The receiving party's outside counsel of record or TECHNICAL ADVISORS may request that commercially available software tools reasonably necessary to assist in reviewing and searching the "CONFIDENTIAL INFORMATION – SOURCE CODE" information be installed on the secured computer. The receiving party must provide the producing party with the CD or DVD containing such licensed software tool(s) at least five (5) business days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the source code computer(s). The producing party may decline to install any requested inspection software if the software is not reasonably necessary to assist in reviewing and searching the electronic source code, if the software represents any unreasonable risk of compromising security of the source code or the source code computer, or if the software could be used for any other illegitimate purpose in contravention of this Protective Order. For emphasis, it should be noted that the tools for reviewing "CONFIDENTIAL INFORMATION – SOURCE CODE" information may not be used to circumvent the protections of this Protective Order in any way.

(d) Once "CONFIDENTIAL INFORMATION – SOURCE CODE" information has been made available for inspection, the receiving party shall provide notice of its inspection five (5) business days prior to the inspection. The notice shall include the expected

dates of the inspection as well as the name of each individual who will be conducting the inspection. The producing party may maintain a daily log of the names of persons who enter the room to view the source code. The producing party may require that each individual for the receiving party, upon each entry or exit of the source code viewing room by that individual, sign a log, provided by the producing party, indicating the name of that individual, whether the individual entered or exited the source code viewing room, and the date and time of such entry or exit.

(e) Parties reviewing source shall not bring outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the review room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks, or other outside electronic devices be permitted inside the review room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason. Parties reviewing the source code shall be entitled to take handwritten notes relating to the "CONFIDENTIAL INFORMATION – SOURCE CODE" information, but may not copy any actual lines of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information into the notes. No copies of all or any portion of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information may leave the room in which the source code is inspected except as otherwise provided in this Protective Order. Further, no other written or electronic record of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information is permitted except as otherwise provided in this Protective Order.

16

(f) The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically in the first instance as set forth above. The producing party shall provide all such source code in paper form, including bates numbers and the label "CONFIDENTIAL INFORMATION – SOURCE CODE." Absent good cause, the receiving party shall not request printing of any continuous block of "CONFIDENTIAL INFORMATION – SOURCE CODE" information that results in more than thirty-five (35) printed pages. Absent good cause, the receiving party may not request a total of more than seven hundred fifty (750) pages of printed "CONFIDENTIAL INFORMATION – SOURCE CODE" material. If the receiving party believes good cause exists to exceed these printing limits, the parties shall meet and confer in good faith to try and resolve the issue. If resolution cannot be reached, the receiving party may challenge the printing limits pursuant to the dispute resolution procedure and timeframes set forth in paragraph 10 of this Protective Order. Similarly, the producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 10 of this Protective Order.

(g) The receiving party shall maintain all copies of any materials containing the designated source code in a secured, locked area that is not accessible by persons not approved under this Order, and it may not be maintained or stored in a location, or in a computer or device (e.g., in the case of pleadings that contain excerpts of designated source code) that is shared with others that are not approved under this Order. Any paper copies of

"CONFIDENTIAL INFORMATION – SOURCE CODE" information shall be stored or viewed only in the United States of America at (a) the offices of outside counsel of record for the receiving party, (b) the private homes or offices of TECHNICAL ADVISORS who have been approved to access "CONFIDENTIAL INFORMATION – SOURCE CODE, (c) the secured site where any deposition is taken, (d) the Court, or (e) any non-public intermediate location necessary to transport the information to a hearing, trial, or deposition. For the sake of clarity, "CONFIDENTIAL INFORMATION – SOURCE CODE" information may not be reviewed in public places such as airports, airplanes, and restaurants. "CONFIDENTIAL INFORMATION – SOURCE CODE" information should be stored in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use. No electronic copies of source code shall loaded on any computer or device that has network connectivity enabled. Additional paper copies of such source code may be made only as necessary, and all such copies are to be treated as outlined herein. Any paper copies used during a deposition shall be retrieved by the party taking the deposition at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(h)  A receiving party intending to disclose or discuss source code printouts at depositions must give at least five (5) days' advance notice to the other party. In the event a deposition is scheduled with less than five (5) days' advance notice, the receiving party intending to disclose or discuss source code printouts at that deposition will give as much advance notice to the other party as possible.

18

   (i)  The receiving party may include excerpts of source code that relate to the technical features that are at issue in the case in a pleading, exhibit, expert report, discovery document, deposition transcript, trial exhibit, or other Court document, provided that such documents are appropriately designated under this Protective Order, restricted to those who are entitled to have access to them as specified in this Protective Order, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. Such excerpts shall be limited to only the necessary portions of the source code.

   (j)  All Parties retain the right under the Federal Rules of Civil Procedure to object to the production of all or part of their source code, and to seek a protective order that such materials not be produced, or be produced under conditions that provide more stringent protection than those provided herein.

9.  Inadvertent Failure to Designate

   (a)  In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

   (b)  It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

10.  Challenge to Designation

   (a)  Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document

designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b) Notwithstanding anything set forth in paragraph 2(a), (b), and (c) herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Protective Order, may request the producing party in writing to change the designation, stating the reasons in that request. The producing party shall then have five (5) business days from the date of receipt of the notification to:

  (i) advise the receiving parties whether or not it persists in such designation; and

  (ii) if it persists in the designation, to explain the reason for the particular designation.

(c) If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any producing party may then move the court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, the information will be de-designated to the category requested by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

20

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i) the information in question has become available to the public through no violation of this Protective Order; or

(ii) the information was known to any receiving party prior to its receipt from the producing party; or

(iii) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

11. **Inadvertently Produced Privileged Documents**

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502(d), they therefore agree that the disclosure or production of an attorney-client privileged, attorney work product, or other protected document or information shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502, regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure by any other party of attorney-client privileged, attorney work product, or other protected document or

21

information, that party shall give written notice to the producing party. The producing party will then be allowed to request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

12. <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure:

(i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE subject to this Protective Order;

(ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE by the

person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and

(iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

13. Limitation

This Protective Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

14. Notice Before Use at Hearing or Trial

Notwithstanding the provisions of paragraph 5, a receiving party using any designated information at any hearing or trial in this litigation must give the producing party at least fourteen (14) days' advance notice of their intent to do so.

15. Conclusion of Action

(a) At the conclusion of this action and any related actions, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said

parties or persons from any of the continuing obligations imposed upon them by this Protective Order.

    (b)    After this action, trial counsel for each party may retain one archive copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain PROTECTED INFORMATION. Trial counsel's archive copy shall remain subject to all obligations of this Protective Order. All copies of production documents, including all materials containing PROTECTED INFORMATION and materials designated CONFIDENTIAL INFORMATION – SOURCE CODE shall be returned or destroyed within 60 days after final disposition.

    (c)    The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

16.    <u>Production by Third Parties Pursuant to Subpoena</u>

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE. The parties agree that they will treat such documents, things, or testimony produced by third parties according to the terms of this Protective Order.