UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MICHAEL PHILIP KAUFMAN,

                Plaintiff,

-against-

MICROSOFT CORPORATION

                Defendant.
------------------------------------------------------------- x

**ORDER DENYING MOTION TO EXCLUDE EXPERT TESTIMONY**

16 Civ. 2880 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/2020

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff in this patent infringement action moves to exclude certain testimony of Defendant's expert, Dr. Jeffrey Stec. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff Michael Kaufman is the holder of U.S. Patent No. 7,885,981 (the "'981 Patent"), which concerns an invention for interacting with relational databases. Kaufman brought the present action against Defendant Microsoft Corporation ("Defendant" or "Microsoft") for direct infringement, inducing infringement, contributory infringement, and willful infringement in connection with the '981 Patent.

"Upon finding for the claimant [in a patent infringement action] the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Here, both parties have retained experts to address this "reasonable royalty" calculation. In response to the opinions of Plaintiff's damages expert, Microsoft submitted the Rebuttal Expert Report of Jeffery A. Stec, Ph.D. (the "Stec

1

Report"). Dr. Stec opines, among other things, that Microsoft would have made a lump sum royalty payment to Kaufman of at most $230,000 if the parties had engaged in a hypothetical negotiation of a license (the "Hypothetical License") at the time the '981 Patent issued.[1] Dr. Stec's opinion relies in part on a settlement agreement (the "ADI Settlement") in a lawsuit (the "ADI Litigation") filed against Microsoft by Advanced Dynamic Interfaces, LLC ("ADI"). In the ADI Litigation, ADI alleged that Microsoft infringed patents for technology that Dr. Stec finds is similar to the technology at issue in the present case. Under the ADI Settlement, Microsoft paid $230,000 to be released from liability and to gain a license (the "ADI License") to use ADI intellectual property.

Dr. Stec specifically considers the ADI Settlement in connection with Factors 2 and 15 of the 15-factor analysis announced in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), *mod. and aff'd*, 446 F.2d 295 (2d Cir. 1971). *Georgia-Pacific* provides a list of factors that may be considered in determining the reasonable royalty for a patent license. 318 F. Supp. 1116 at 1120. Factor 2 is "[t]he rates paid by the licensee for the use of other patents comparable to the patent in suit," and Factor 15 is "[t]he amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement." *Georgia-Pacific*, 318 F. Supp. at 1120.

Plaintiff moves to exclude Dr. Stec's testimony to the extent it relies on the ADI Settlement. Plaintiff argues that Dr. Stec failed to take into account the particular posture of the ADI Litigation and how that might have affected the ADI License's comparability to the

---

[1] In this motion, Plaintiff does not challenge the admissibility of Dr. Stec's alternative analyses in which he arrives at different royalty ranges by different methods.

2

Hypothetical License. Thus, Plaintiff says, it is inappropriate for Dr. Stec to use the value of the ADI License as essentially a cap on the value of the Hypothetical License.

## DISCUSSION

Thought Dr. Stec explicitly considered why technological similarities and certain "economic and business considerations" make the ADI License and Hypothetical License comparable, he does not comment directly on how the posture of the ADI Litigation affected the settlement amount or how that might affect comparability to the Hypothetical License. *See* Stec Rpt. at 47-49. Courts have excluded expert testimony that made similar omissions. *See M2M Solutions LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 677-78 (D. Del. 2016) (excluding expert's testimony because, "most importantly," the analysis "virtually ignores the fact that . . . licenses resulted from litigation settlements, providing a drastically different backdrop than the hypothetical negotiation involving two willing licensors"); *Spring Comms. Co. L.P. v. Comcast IP Holdings, LLC*, No. 12-cv-1013, 2015 WL 456154, at *2 (D. Del. Jan. 30, 2015) (excluding expert's testimony where expert "provides no information regarding the nature of the litigation or the context of the settlements, and thus there is no reason to believe that the settlements in question are comparable").

However, the experts' opinions in those cases suffered from numerous other infirmities, such as experts' disregard of more comparable licenses or failure to assess technological comparability. Here, Dr. Stec sufficiently explained why "the most reliable license in this record arose out of litigation" and is a permissible point of comparison. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010). Plaintiff's challenges to the comparability of the ADI License and Hypothetical Licensed can be raised more appropriately on cross-examination. *See Open Text S.A. v. Box, Inc.*, No. 13-cv-04910, 2015 WL 393858, at *5-6 (N.D.

3

Cal. Jan. 29, 2015) (declining to exclude expert's testimony about licenses arising from settlement agreements where opponent "point[ed] to no evidence suggesting that the royalties associated with the settlement agreements were depressed because they were entered into in the context of litigation," "point[ed] to no other licenses that it claims are more comparable," and would be "free to grill [expert] at trial about these issues").

## CONCLUSION

For the foregoing reasons, Defendant's motion to exclude expert testimony is denied. The Clerk is directed to terminate the open motion (ECF No. 118).

SO ORDERED.

Dated: New York, New York
January 14, 2020

ALVIN K. HELLERSTEIN
United States District Judge