USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
MICHAEL PHILIP KAUFMAN, : **ORDER ON MOTIONS IN**
: **LIMINE**
Plaintiff, :
: 16 Civ. 2880 (AKH)
-against- :
:
MICROSOFT CORPORATION, :
:
Defendant. :
:
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On January 16, 2020, I held a final pretrial conference at which I resolved the parties' motions in limine. For the reasons stated at the final pretrial conference, the motions in limine are resolved as follows:

1. Plaintiff's motion in limine to preclude reference to, or arguments advanced in, *inter partes* review (ECF No. 133) is granted in part and denied in part. To the extent an admission by a party during *inter partes* review is relevant, the opposing party may introduce it at trial. The fact and posture of the *inter partes* review proceedings will not be presented to the jury.

2. Plaintiff's motion in limine to limit testimony concerning claim construction (ECF No. 134) is granted. No party may offer expert testimony construing patent claims.

3. Plaintiff's motion in limine relating to Microsoft's destruction of usage data (ECF No. 136) is granted in part and denied in part. Defendant has agreed that it will not offer alternative data regarding usage of Dynamic Data in 2011. Defendant,

1

however, may cross-examine Plaintiff's expert regarding the expert's methodology for estimating usage. When Defendant does so, I will consider whether to issue an instruction to the jury regarding the destruction of usage data.

4. Defendant's motion in limine to exclude Plaintiff from claiming any version of Schemalive practices the asserted claims (ECF No. 138 at 1-4) is granted. Schemalive shall not be introduced at trial.

5. I will defer ruling on Defendant's motion in limine to preclude evidence regarding allegations of spoliation of usage data (ECF No. 138 at 4-9) until after examination of Plaintiff's expert witness on damages.

6. Defendant's motion in limine to preclude evidence and arguments related to Microsoft's citations to Mr. Kaufman's patent publications and patents (ECF No. 138 at 9-10) is granted. In light of my order granting Defendant's motion for summary judgment on the issue of willful infringement, the citations are not relevant.

7. Defendant's motion in limine to exclude reference to the findings of *inter partes* review proceedings is granted.

The Clerk of Court is directed to close the open motions in limine (ECF Nos. 133, 134, 136, 138).

SO ORDERED.

Dated:  New York, New York
January 22, 2020

ALVIN K. HELLERSTEIN
United States District Judge