UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
MICHAEL PHILIP KAUFMAN,                   :   **ORDER GRANTING**
                                          :   **REHEARING (MARKING)**
                   Plaintiff,             :
                                          :   16 Civ. 2880 (AKH)
       -against-                          :
                                          :
MICROSOFT CORPORATION                     :
                                          :
                   Defendant.             :
                                          :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      After both sides rested and before the lunch break earlier today, Defendant moved to limit damages for failure to mark as required by 35 U.S.C. § 287(a). The argument focused on Defendant's Trial Exhibit FA, a web page discussing Plaintiff's "Schemalive" process for interacting with relational databases (the "Schemalive Website"). The evidence at trial was to the effect that plaintiff stopped selling "Schemalive" in 2004. However, the Schemalive Website remained, describing the virtues of Plaintiff's process and informing readers how to contact Plaintiff to gain more information about the product and to order it.

      Neither Plaintiff nor Defendant had briefed the issue. Various cases were cited to me as part of the argument. I granted Defendant's motion to limit damages to those after the filing of the complaint, April 18, 2016, thus barring Plaintiff from recovering royalties from the date of patent issuance, February 8, 2011. I ruled that Plaintiff failed to mark the website with his patent number as required by 35 U.S.C. § 287(a). I further ruled that because of his failure to mark, Kaufman is only entitled to royalties for infringement occurring after Microsoft received notice of alleged infringement through the filing of the complaint on April 18, 2016.

1

At the charging conference this afternoon, Plaintiff moved for reconsideration of my ruling, citing additional cases that had not been cited earlier. Plaintiff argued that since the website was not the equivalent of a sale, or offer to sell, his patented process, there is no requirement to mark it as a "patented article." 35 U.S.C. § 287(a).

Plaintiff's motion is granted. A key question is whether the Schemalive Website constitutes an "offer[ ] for sale" of a patented article. In the context of a different provision, the on-sale bar imposed by 35 U.S.C. § 102(b), an invention is "on sale" only when there is a commercial offer for sale under contract law principles. *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998); *Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1046-48 (Fed. Cir. 2001). The term "on sale," used in 35 U.S.C. § 102(b), is nearly identical to the term "offer[ ] for sale," used in the provision at issue here, 35 U.S.C. § 287(a). In light of the principle of statutory interpretation that "identical words used in different parts of the same act are intended to have the same meaning," *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995), I find that the marking requirement would only be triggered if the Schemalive Website were a commercial offer for sale under contract law principles. The Schemalive Website lacks necessary elements of a commercial offer for sale, including pricing information.

Furthermore, the Schemalive Website is not itself a "patented article." Though not binding on me, other district courts have found that a website relating to a patented product is not subject to the marking requirement in circumstances like those present here. *See Limelight Networks, Inc. v. XO Commc'ns, LLC*, 241 F. Supp. 3d 599, 608 (E.D. Va. 2017) ("Whether a website counts as an 'article' that a patentee must mark has been a topic of debate among the district courts, but courts considering the issue have determined that a patentee must mark a website either where the website is somehow intrinsic to the patented device or where the

2

customer downloads patented software from the website."). The Schemalive Website is neither intrinsic to the patented device nor does it provide a means for a customer to download patented software. As a result, it is not a "patented article" as contemplated by 35 U.S.C. § 287(a).

Accordingly, the jury will be instructed that royalties accrue from February 8, 2011. There will be no need to open the record to allow the parties to present further evidence of royalties within a narrower band of time. If the jury returns a verdict of infringement and invalidity, the parties will proceed immediately (or as ordered by the court) to present summations on damages.

This order is effective on emailing to the parties which shall take place immediately. The order will be filed tomorrow.

SO ORDERED.

Dated: New York, New York
February 4, 2020
7:30 p.m.

ALVIN K. HELLERSTEIN
United States District Judge