UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
MICHAEL PHILIP KAUFMAN,                                       :     **ORDER DENYING MOTION**
                                                              :     **TO AMEND JUDGMENT**
                                    Plaintiff,                :
                                                              :     16 Civ. 2880 (AKH)
            -against-                                         :
                                                              :
MICROSOFT CORPORATION                                         :
                                                              :
                                    Defendant.                :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

            Following trial, a jury returned a verdict that Plaintiff Michael Kaufman

("Plaintiff" or "Kaufman") was entitled to $7 million in damages based on Defendant Microsoft

Corporation's ("Defendant" or "Microsoft") infringement of his patent, U.S. Patent No.

7,885,981 (the "'981 Patent").  Judgement was entered for Plaintiff in the amount of $7 million.

Plaintiff now moves to amend the judgment to add prejudgment interest, accruing from the date

the '981 Patent issued, February 8, 2011.  Plaintiff's motion is denied.

            The Supreme Court has held that "prejudgment interest should ordinarily be

awarded" to a prevailing plaintiff in a patent infringement action because "[i]n the typical case

an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good

a position as he would have been in had the infringer entered into a reasonable royalty

agreement."  *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983); *see also*

*Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996).  In cases awarding

damages based on lump sum royalties, it is typical for the Court, not the jury, to add prejudgment

interest.  *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020).

Defendant argues this case is an exception.  Here, the verdict form on damages asked the jury, "How much has Mr. Kaufman proved he is entitled to recover?"  Ct. Ex. 8.  The jury was instructed, consistently with the evidence, that the measure of damages was the lump sum payment the parties would have agreed upon in a hypothetical negotiation in 2011, discounted to present value.  Trial Tr. 1166: 21-1167:1.  The jury's answer subsumed interest.

Furthermore, "it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit."  *General Motors*, 461 U.S. at 657.  Plaintiff does not dispute that he was aware of Defendant's alleged infringement in 2011 and gave no notice to Defendant prior to filing this lawsuit in 2016.  His only explanation for the delay is that he is an individual inventor and needed time to mount a lawsuit, but this vague explanation does not explain waiting five years before attempting to enforce his rights.  Furthermore, Defendant experienced prejudice.  Not only did potential interest continue to mount, but as Defendant's witness explained at trial, if Defendant had been aware of the alleged infringement, it might have turned to a cost-effective workaround to disable the allegedly infringing part of Dynamic Data.  Trial Tr. at 623:8-626:25; *see also Lummus Industries, Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988) (noting that prejudice is required where undue delay justifies withholding of prejudgment interest).  Courts have denied prejudgment interest in cases involving shorter delays.  *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1362 (Fed. Cir. 2001) (affirming denial of prejudgment interest where there was self-serving delay of two years in filing suit while plaintiff claimed to have been investigating infringing products).

Plaintiff's motion to amend the judgment, ECF No. 189, is denied.  The Clerk is directed to terminate the motion.  The judgment, ECF No. 192, will remain as it stands.

SO ORDERED.

Dated:        January 25, 2021                    _____/s/_____
              New York, New York                          ALVIN K. HELLERSTEIN
                                                          United States District Judge